TERRY v. CLARK.

Opinion delivered July 29, 1905.

EVIDENCE—HEARSAY.—When the issue in an attachment suit was whether certain household furniture attached belonged to the attachment debtor or to his wife, testimony of the officer who took the debtor's assessment that he admitted, for the purpose of assessment of taxes, that the furniture belonged to him was hearsay, so far as the wife is concerned, and inadmissible against her.

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*Feazel & Bishop,* for appellant.

The court erred in admitting certain evidence of witness Forgy. Kirby's Dig. § 3090; 31 Ark. 684; 34 Ark. 663; 13 Ark. 295; 21 Ark. 77; 58 Ark. 441.

*Jas. H. McCollum,* for appellees.

WOOD, J. This suit is over certain household furniture claimed by appellant, and which had been attached by appellee, Clark; and was held by the officers for him as the property of one D. P. Terry, the attachment debtor. The appellant was the wife of D. P. Terry.

The question of fact as to whether Mrs. Terry or her husband owned the property attached was properly submitted to the jury, and we would not disturb the verdict upon the evidence in the record. The court erred, however, in permitting one A. J. Forgy to testify to a conversation he had with D. P. Terry at the time Terry assessed his property in 1901. Forgy was the clerk of the county, and had custody of the assessment rolls, and testified that D. P. Terry made the assessment of household goods before him in 1901. He was asked to "state to the jury in that conversation had with Mr. Terry if he claimed the household goods in his residence." The witness answered: "He stated this to me; he advised with me; he asked me before he made his assessment as to whether he had to assess it both years. He stated he had been to a considerable expense remodeling his house and refurnishing his house, and he wanted to know if his

house improvements would be subject to taxation. I told him they would. He made an assessment at an increase of $500 on that item." This testimony was objected to by the appellant, and her objection was overruled. This testimony was clearly hearsay and incompetent. Sec. 3095, Kirby's Digest, subdiv. 4; *Collins* v. *Mack,* 31 Ark. 684; *Watkins* v. *Turner,* 34 Ark. 663.

This testimony was highly prejudicial, for it tended to prove that Terry was the owner of the property in controversy, and was probably considered by the jury as the strongest testimony on that point. We cannot tell. It was very damaging testimony on the very question at issue between appellant and appellees.

For this error the judgment is reversed, and the cause remanded for a new trial.